UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     -v-                                  3:14-CR-389-1 (DNH)
                                        3:23-CV-384 (DNH)

LESLIE HUGHES,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

UNITED STATES ATTORNEY        RICHARD SOUTHWICK, ESQ.
Northern District of New York       Ass't United States Attorney
100 South Clinton Street
Syracuse, NY 13261

LESLIE HUGHES
Petitioner-Defendant, Pro Se
15 Charlotte Street
Binghamton, NY 13905[1]

DAVID N. HURD
United States District Judge

## ORDER TRANSFERRING HABEAS PETITION

## I. INTRODUCTION

   Petitioner-defendant Leslie Hughes ("petitioner") has moved to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 232. The

---

[1] Petitioner's last known address is listed as a BOP facility, but records show he is no longer in BOP custody.

United States of America (the "Government") has opposed. Dkt. No. 240. After petitioner replied, Dkt. No. 242, the matter was reassigned to this Court for a decision, Dkt. No. 243.

The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

On October 22, 2014, a federal grand jury returned a one-count indictment that charged petitioner with a large-scale drug trafficking conspiracy. Dkt. No. 107. The indictment specifically alleged that petitioner was responsible for more than 280 grams of cocaine base and more than 100 grams of heroin. *Id*. The indictment further alleged that, based on prior convictions, petitioner was subject to certain federal enhanced penalty provisions. *Id*.

The matter was initially assigned to Senior U.S. District Judge Thomas J. McAvoy. Shortly after the return of the indictment, the Government filed an Enhanced Penalty Information under § 851 alleging that petitioner had been convicted of state-law felony drug offenses. Dkt. No. 126. Petitioner took the case to trial in late February of 2015. Dkt. No. 147.

After hearing three days of proof and deliberating for part of a fourth day, the jury convicted petitioner of the drug trafficking conspiracy alleged in the indictment. Dkt. No. 153. At that time, the jury found that petitioner was responsible for at least 280 grams of cocaine base and at least 100 grams of

heroin. *Id.* Judge McAvoy denied petitioner's post-trial motions. Dkt. No. 171.

On August 19, 2015, Judge McAvoy sentenced petitioner to the mandatory minimum term of life imprisonment based on the application of the so-called "three strikes law." Dkt. No. 180. There, Judge McAvoy stated:

> THE COURT: . . . the statute says this is the sentence I have to impose and that's what I'm going to do. And just because your client may have been a low level dealer you claim doesn't wipe out the fact that every time he was put on any kind of court-sponsored control he violated it. He has absolutely no history of trying to overcome the problems that he's had during his life and go out and make a living like everybody else does. He just seems to be bent toward committing crime after crime after crime regardless of what any Court says to him, what any probation department or parole official says. He's going to do what he wants to do. What I say to him isn't going to make any difference either, [the Assistant U.S. Attorney] was right about that, so I'm going to get on with it.

Dkt. No. 180 at 27–28.

Petitioner took a direct appeal, Dkt. No. 182, but a panel of the U.S. Court of Appeals granted summary affirmance. Dkt. No. 188. After the Mandate issued, petitioner wrote to Judge McAvoy to complain that "his due process rights" and his Sixth Amendment right to counsel were violated because his appeal "was never filed." Dkt. No. 189.

Judge McAvoy construed petitioner's letter as an attempt to file a § 2255 motion. Dkt. No. 190. At that time, Judge McAvoy gave petitioner thirty

days to amend, supplement, or withdraw the § 2255 motion. *Id*. Thereafter, petitioner filed *pro se* supplemental § 2255 briefing. Dkt. Nos. 197–98.

Liberally construed, petitioner's filings: (1) asserted ineffective-assistance claims against his counsel; (2) challenged the validity of his conviction based on, *inter alia*, the sufficiency of the evidence; and (3) insisted that, under the "categorical approach," his prior convictions did not qualify as "felony drug offenses" for purposes of the career offender law.

On November 26, 2018, Judge McAvoy denied and dismissed petitioner's § 2255 motion. Dkt. No. 201. There, Judge McAvoy rejected the argument that petitioner had been denied a direct appeal. As Judge McAvoy explained, his counsel filed a notice of appeal, his appellate counsel filed a so-called *Anders* brief, and the Second Circuit granted summary affirmance. This procedure is not available unless appellate counsel demonstrates that a diligent search of the record reveals no non-frivolous issues for appeal.

In addition, Judge McAvoy also rejected petitioner's ineffective-assistance claims against his trial counsel regarding certain "newly obtained" evidence, for failing to object to certain aspects of the jury instructions, for not moving for a new trial on sufficiency grounds, for allegedly failing to present certain "mitigation evidence" to be used at sentencing, and for presenting allegedly inconsistent defense theories. Dkt. No. 201.

Further, although petitioner's substantive challenges to his conviction and sentence were procedurally barred, Judge McAvoy determined that, "[e]ven interpreting these [ ] challenges as inartfully drafted ineffective assistance of counsel claims, [these] claims fail[ed] because, if the issues were raised by defense counsel or appellate counsel, they would have provided Defendant no relief." Dkt. No. 201 at 18–22.

Because Judge McAvoy had declined to issue a certificate of appealability, Dkt. No. 201, petitioner moved for one from the Second Circuit, Dkt. 202, but this request was denied because he had failed to make a substantial showing of the denial of a constitutional right. The Mandate issued on November 13, 2019. Dkt. No. 204.

On March 25, 2021, petitioner moved *pro se* for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 205. Judge McAvoy appointed the Office of the Federal Public Defender, Dkt. No. 206, who filed briefing in support of the motion. Dkt. No. 208. After the Government opposed, Dkt. No. 21, Judge McAvoy granted petitioner's motion in part and modified his life sentence to a term of 180 months' imprisonment followed by a ten-year term of supervised release. Dkt. No. 226. An amended judgment was entered on April 21, 2022. Dkt. No. 227.

On March 27, 2023, petitioner filed this § 2255 motion. Dkt. No. 232. The motion was briefed, Dkt. Nos. 240, 242, and then reassigned to this Court for a decision on March 27, 2025. Dkt. No. 243.

## III. **LEGAL STANDARD**

Congress enacted § 2255 in 1948 because federal courts in certain judicial districts were getting swamped by habeas corpus petitions. *United States v. Hayman*, 342 U.S. 205, 213–14 (1952). Section 2255 was passed as a habeas-type remedy that returned jurisdiction over challenges to the validity of a federal conviction to the sentencing court. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Under § 2255, "a prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." But § 2255 is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). A legal or factual error that might warrant relief on direct review is typically insufficient under § 2255. *Addonizio*, 442 U.S. at 184.

Instead, § 2255 strikes a balance between the value of error-correction and the respect for finality in criminal sentences. *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995). Thus, relief is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete

- 6 -

miscarriage of justice.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Procedurally, a court presented with a 28 U.S.C. § 2255 motion must follow the Rules Governing § 2255 Proceedings for the United States District Courts. Under those Rules, a trial court can decide meritless claims on the basis of the papers, with or without a response from the Government. Rule 4(b); Rule 7(a). If a claim requires factual development, the court can order discovery or expand the paper record. Rule 6; Rule 7. Thereafter, the court is expected to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). As the Second Circuit has explained:

> The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: e.g., an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. The district court reviews those materials and relevant portions of the record in the underlying criminal proceeding. The court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petition, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made.

*Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (cleaned up).

Where, as here, a defendant proceeds without counsel, his submissions must be liberally construed and read "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original). But the defendant still bears the ultimate burden of proving his claim by a preponderance of the evidence. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). "Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987). Nor is a court required to credit factual assertions that are "contradicted by the record in the underlying proceeding." *Puglisi*, 586 F.3d at 214.

## IV. **DISCUSSION**

Petitioner contends that he is entitled to 28 U.S.C. § 2255 relief because of "newly discovered facts" in one of his co-conspirator's cases. Dkt. No. 232 at 3. As he explains, his prior state-law felony convictions are invalid predicate crimes for the sentencing enhancements he initially received. *Id.* According to him, equitable tolling of the one-year statute of limitations should apply to this argument. *See id.*

In opposition, the Government contends that: (1) this § 2255 motion must be transferred to the U.S. Court of Appeals for permission to proceed because it is "second or successive"; (2) the petition should be dismissed because the

statute of limitations has expired and tolling is inappropriate; (3) the petition is moot because petitioner has already received relief when Judge McAvoy granted his § 3582(c) motion for a sentence reduction; and, relatedly, (4) any further reduction would run afoul of the sentencing factors. Dkt. No. 240.

Upon review, this § 2255 petition[2] must be transferred to the U.S. Court of Appeals for the Second Circuit because petitioner has already sought § 2255 relief, which Judge McAvoy denied on the merits. Dkt. No. 201.

The general rule is that a petitioner cannot file a "second or successive" § 2255 motion unless he gets permission from the court of appeals. 28 U.S.C. § 2255(h). This requirement is jurisdictional and cannot be waived. *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Where, as here, the petitioner has filed a "second or successive" petition without authorization, the district court is supposed to transfer the case to the court of appeals pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

The statute does not define what counts as "second or successive." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). In the Second Circuit, a petition is "second or successive" if a prior § 2255 petition that raises claims

---

[2] Under 28 U.S.C. § 2255, a petitioner must be "in custody" in order to mount a collateral attack on the validity of his conviction and sentence. *See, e.g.*, *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). Although it appears that petitioner has been released from prison, he remains subject to supervised release, which satisfies this requirement. *See id.*

about the same conviction and sentence has already been decided on the merits.³ *See, e.g.*, *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010).

It is beyond dispute that petitioner previously filed a § 2255 motion, Dkt. No. 198, that Judge McAvoy denied that petition on the merits, Dkt. No. 201, and that there was a final adjudication, Dkt. No. 204, before petitioner filed this second motion four years later, Dkt. No. 232. Courts routinely conclude that this is enough to make the second filing successive.⁴ *See United States v. Binday*, 2024 WL 4664032, at *4 (S.D.N.Y. Nov. 4, 2024).

The challenging variable presented here is that Judge McAvoy entered an amended judgment when he reduced petitioner's sentence from life to 180 months in prison. Dkt. No. 227.

Although the Second Circuit has not yet weighed in on whether a § 3582(c) sentence reduction results in a "new" judgment, other courts have concluded that a § 3582(c) sentence reduction does *not* reset the habeas clock. *See, e.g.*, *Jones v. United States*, 2024 WL 2701677 (D. Conn. May 24, 2024) (holding

---

³ Under a narrow exception called the "savings clause," a petitioner can file a § 2241 petition if he can show that § 2255 relief is "inadequate or ineffective." § 2255(e). But this exception requires the petitioner to show "actual innocence" on the existing record that could not have been effectively raised at an earlier time. *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019). This exception does not and cannot apply because petitioner has not made anything approaching this kind of showing. *See, e.g.*, *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (summary order) (explaining that the "actual innocence" exception does not apply where the petitioner is making a legal argument).

⁴ To the extent that petitioner might be understood to argue that he is trying to alter or amend or otherwise seek relief from the judgment in his first § 2255 motion, *Banister v. Davis*, 590 U.S. 504 (2020), that claim is untimely and/or meritless.

that a sentence reduction "amended the prior judgment without rendering it invalid"); *United States v. Morris*, 2021 WL 2036544, at *3 (D. Kan. May 21, 2021) (holding substantially same).

Notably, Judge McAvoy did not find that petitioner's underlying conviction was invalid or that his original life sentence was legally erroneous. Instead, Judge McAvoy concluded that extraordinary and compelling reasons justified a reduction in the life sentence. Dkt. No. 226.

## IV. CONCLUSION

In sum, petitioner's motion appears to be a "second or successive" one that raises a legal theory related to his initial conviction and sentence. Although Judge McAvoy later reduced that sentence from life in prison to 180 months, that discretionary determination did not "reset" the habeas clock in the way that a "new, intervening judgment" might have done. *See, e.g.*, *Jones*, 2024 WL 2701677, at *3. Because petitioner has not received authorization to file this motion from the court of appeals, it must be transferred to that tribunal for consideration in the first instance.

Therefore, it is

ORDERED that

Defendant's § 2255 motion is TRANSFERRED to the U.S. Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

Dated: December 17, 2025
       Utica, New York.

_____
David N. Hurd
U.S. District Judge